■ DELI OF LATHAM, INC., Respondent-Appellant, v JOSEPH P. FREIJE, Appellant-Respondent. — Appeal (1) from a judgment of the Supreme Court in favor of plaintiff, entered July 8, 1983 in Albany County, upon a decision of the court at Trial Term (Hughes, J.), without a jury, and (2) cross appeals from an order of said court, entered July 29, 1983 in Albany County, which, *inter alia,* denied defendant's motion for a new trial. ¶ Plaintiff commenced this action seeking, *inter alia,* specific performance of a purported lease executed January 25, 1978 for the rental of a full store in the shopping plaza owned by defendant. The purported lease was handwritten on a small sheet of yellow lined paper by Mary Hoffman, plaintiff's president, and recited on the front side, "This agreement is contingent upon space availability of a full store. Rental is as follows: first, second & third year $825 fourth & fifth year $825 plus change in cost of living. Sixth and Seventh year above plus change in cost of living. Rental of Existing store in operation for duration of existing 3 year lease $615.00." On the reverse side, the words "Make up drawing" were written. Morris Hoffman, plaintiff's secretary, and defendant signed this document in the left-hand margin of the front side after defendant added "Agreed upon per discussion" in this margin. At the trial, Mary Hoffman testified that "Make up drawing" meant that plaintiff would have to make up a drawing reflecting desired renovations to the leased premises for defendant's approval when a full store became available. Defendant claimed, *inter alia,* that the writing merely evidenced preliminary negotiations and failed to satisfy the Statute of Frauds (General Obligations Law, § 5-703, subd 2) and, therefore, was not binding as a lease. Trial Term, after conducting a nonjury trial, concluded that the writing satisfied the Statute of Frauds and was a valid lease and granted specific performance. Judgment was entered and defendant's appeal therefrom followed. After defendant's motion for, *inter alia,* a new trial was denied, the cross appeals ensued. ¶ We are of the view that the judgment must be reversed and the complaint dismissed. The phrase, "Make up drawing", which required further negotiations on the renovations plaintiff desired, "clearly indicate[s] that additional terms were to be negotiated" (*1130 President St. Corp. v Bolton Realty Corp.,* 300 NY 63, 68; see *Mayer v McCreery,* 119 NY 434). The renovations were sufficiently important to have been referred to in the writing and, where a material element is left for future negotiations, there is no enforceable contract (*Textile Capital Bldg. Corp. v Wendel Foundation,* 253 App Div 332, 338, affd 279 NY 769). Accordingly, we conclude that the purported lease does not satisfy the Statute of Frauds (General Obligations Law, § 5-703, subd 2) and is unenforceable. The complaint, therefore, must be dismissed. This disposition renders it unnecessary to consider the other issues raised on the appeal from the judgment and further renders consideration of the cross appeals from the order academic. ¶ Judgment reversed, on the law, without costs, and complaint dismissed. ¶ Cross appeals dismissed, as academic, and order vacated. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.