■ EDP MEDICAL COMPUTER SYSTEMS, INC., Appellant, v SEARS, ROEBUCK AND CO., Respondent.—In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Graci, J.), dated October 30, 1987, which denied the plaintiff's motion to dismiss the defendant's defense of the Statute of Frauds and granted the defendant's cross motion for severance and summary judgment in its favor upon the plaintiff's third cause of action and so much of its fourth cause of action as relies on any claimed oral agreements.

Ordered that the order is affirmed, with costs.

In June 1, 1979, a license agreement was entered into between Sears, Roebuck and Co. (hereinafter Sears) and EDP Medical Computer Systems, Inc. (hereinafter EDP), whereby Sears licensed EDP to conduct and operate "Sears Subscription Service" for the purpose of offering magazine subscrip-

tions to Sears' customers on the west coast. The agreement was to terminate on May 31, 1981.

On or about March of 1980 while the agreement was still in effect, the parties began to discuss the possibility of a new agreement whereby EDP would perform the same services for Sears, but on a nationwide level. On May 8, 1980, Bernard Gelb, the president of EDP wrote to Richard Prugh, the National Marketing Manager of Sears' Concessions Department, asking for a finalization of the parties' understanding as to the nationwide license. On May 20, 1980, Prugh, in response, wrote to Gelb concerning the new agreement and outlined some of the terms. There was much correspondence before and after the letter dated May 20, 1980, all indicating that a formal agreement was to be signed. In a letter dated September 23, 1980, John Wurmlinger, the National Merchandise Manager of Sears' Concessions Department, informed Gelb that Sears was dissatisfied with EDP's performance and that consequently it did not intend to extend the terms of the current license or authorize any additional magazine promotions. No claims were made at that time by either party that a new agreement had been reached.

In April 1982 EDP sued Sears for damages for breach of contract alleging, *inter alia,* that the May 20, 1980 letter from Prugh satisfied the Statute of Frauds and was enforceable as a written memorialization of their oral agreement. Sears interposed the defense of the Statute of Frauds in its answer to EDP's complaint. EDP moved to dismiss that defense, and Sears cross-moved for summary judgment on the ground that the parties had never intended to be bound to any oral agreement unless and until such agreement had been reduced to writing and signed by both parties.

The Supreme Court granted Sears' cross motion stating that the correspondence between the parties led to the conclusion that "as a matter of law," the parties did not intend to be bound before the signing of a written agreement. We agree, and affirm the order appealed from.

It is well settled that "if the parties to an agreement do not intend it to be binding upon them until it is reduced to writing and signed by both of them, they are not bound and may not be held liable until it has been written out and signed" *(Scheck v Francis,* 26 NY2d 466, 469-470). The written exchanges between the parties clearly establish that the agreement was to take effect only after it had been reduced to a formal written document signed by both parties. "Without

any intent to be bound by prewritten contract negotiations there is no mutual assent, and without mutual assent there is no contract as a matter of law" *(Tebbutt v Niagara Mohawk Power Corp.,* 124 AD2d 266, 268).

We have examined the plaintiff's other contentions and find them to be without merit. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.