■ MICHAEL PERRINO et al., Respondents, v CHRISTOPHER HOGAN et al., Appellants.—Mahoney, P. J. Appeal from an order of the Supreme Court (Doran, J.), entered August 20,

1990 in Schenectady County, which granted plaintiffs' motion for summary judgment.

In September 1985, the parties contracted for plaintiffs to sell and defendants to purchase a parcel of real property located at 2269 Ghent Road in the Town of Rotterdam, Schenectady County. The contract was made contingent upon defendants obtaining approval of a fixed-rate mortgage loan of $85,000. However, the mortgage contingency was to be deemed waived by defendants unless they notified plaintiffs in writing prior to October 15, 1989 of their inability to obtain mortgage approval. Defendants apparently failed to obtain the necessary mortgage to finance the purchase of the property but never informed plaintiffs in writing, as required by the contract. Prior to the closing date, defendants notified plaintiffs that they had decided not to purchase the property. Plaintiffs thereafter commenced this action for breach of contract and subsequently moved for summary judgment. Defendants opposed the motion, arguing that plaintiffs had actual notice of defendants' inability to obtain a mortgage and that defendants were unaware of the contract's requirement that such notice be in writing. Supreme Court granted plaintiffs' motion and this appeal by defendants followed.

We affirm. Defendants initially argue that plaintiffs' actual notice of their inability to obtain a mortgage provided sufficient notice thereof to satisfy the contract requirement. We disagree. "[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (W.W.W. Assocs. v Giancontieri, 77 NY2d 157, 162). Here, the contract clearly provides that, for defendants to avoid waiver of the mortgage requirement, they were obligated to notify plaintiffs in writing of their failure to obtain financing. They did not and nothing in the unambiguous language of the contract indicates that anything less than written notification would be acceptable. Accordingly, we are constrained to uphold the sanctity of private agreements (see, Harris v Shearson Hayden Stone, 82 AD2d 87, 94-95, affd 56 NY2d 627) and find defendants in technical breach of the contract (but see, Kaplan v Lippman, 75 NY2d 320, 325).

We further find that, inasmuch as plaintiffs were not seeking specific performance of the contract, the papers in support of their motion were sufficient to entitle them to summary judgment in the first instance. Consequently, Supreme Court properly granted plaintiffs summary judgment.

Casey, Weiss, Levine and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.