■ PHILIP W. ROGERS et al., Respondents, v KENNETH MATTUCCI et al., Appellants. [645 NYS2d 875] —In an action, *inter alia,* to recover damages for fraud and breach of contract, (1) the defendants Kenneth Mattucci and Richard Mattucci appeal from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated December 21, 1995, as denied those branches of the defendants' motion which were (a) for summary judgment dismissing the first and third causes of action of the complaint, and (b) for summary judgment on the defendants' counterclaims, and (2) the defendant Steven Cohn appeals from so much of the same order as denied the branch of the defendants' motion which was for summary judgment on the fourth counterclaim.

Ordered that the order is modified, on the law, by (1) deleting the provisions thereof which denied the branches of the

defendants' motion which were for summary judgment dismissing the first and third causes of action of the complaint and for summary judgment on the defendants' first, second, and third counterclaims and substituting therefor a provision granting those branches of the defendants' motion, and (2) upon searching the record, adding thereto a provision awarding summary judgment in favor of the plaintiffs dismissing the defendants' fourth counterclaim; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.

The plaintiffs, as sellers, entered into negotiations with the defendants Kenneth Mattucci and Richard Mattucci (hereinafter the Mattuccis) for the sale of shares in their business enterprise. A letter of agreement dated November 28, 1994 was executed thereafter by the plaintiffs and the defendant Richard Mattucci. That letter expressly provided, *inter alia,* that the money tendered by Richard Mattucci pursuant thereto was "being paid on good faith subject to a written contract between the parties". The parties never executed a written contract.

We agree with the Mattuccis that they are entitled to summary judgment dismissing the breach of contract cause of action. Examination of the events preceding the execution of the letter of agreement and the negotiations which followed it clearly demonstrates that the parties contemplated the negotiation of critical additional terms prior to the finalization of any binding contract between them. "It is well settled that 'if the parties to an agreement do not intend it to be binding upon them until it is reduced to writing and signed by both of them, they are not bound and may not be held liable until it has been written out and signed' *(Scheck v Francis,* 26 NY2d 466, 469-470)" *(EDP Med. Computer Sys. v Sears, Roebuck & Co.,* 149 AD2d 563, 564). The parties failed to reach a written agreement as to essential terms, including matters concerning a shareholder agreement and shareholder buy-out insurance, which were not susceptible to being supplied by the court through an objective method of determination *(see generally, Metro-Goldwyn-Mayer v Scheider,* 40 NY2d 1069). Hence, the letter signed by the plaintiffs and Richard Mattucci constituted an unenforceable agreement to agree *(see, Martin Delicatessen v Schumacher,* 52 NY2d 105, 109; *Danton Constr. Corp. v Bonner,* 173 AD2d 759, 760).

The Mattuccis similarly established their entitlement to judgment as a matter of law dismissing the plaintiffs' cause of action sounding in fraud, since the supporting allegations were inadequate *(see,* CPLR 3016 [b]; *Stuart Lipsky, P. C. v Price,* 215

AD2d 102; *125 Assocs. v Cralin Trading Assocs.,* 196 AD2d 630; *Penna v Caratozzolo,* 131 AD2d 738), and justifiable reliance by the plaintiffs upon any purported misrepresentations was not established.

In view of the foregoing, the Mattuccis are entitled to recovery of the deposit given by Richard Mattucci pursuant to the letter of agreement, as requested in their first, second and third counterclaims. However, upon searching the record *(see,* CPLR 3212 [b]; *Grimaldi v Pagan,* 135 AD2d 496), we find that the defendants' fourth counterclaim should be dismissed, inasmuch as the record does not support the imposition of sanctions pursuant to 22 NYCRR 130-1.1. Miller, J. P., O'Brien, Sullivan and Altman, JJ., concur.