■ ROBERT STEINBERG et al., Appellants, v STEPHEN DI-GERONIMO et al., Respondents. [680 NYS2d 93] —Order, Supreme Court, New York County (Ira Gammerman J.), entered on or about February 24, 1998, which, in an action for, *inter alia*, breach of contract to transfer an equity interest in defendant corporation in exchange for extinguishment of the corporation's debt to plaintiffs, fraud and quantum meruit, granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiffs fail to state a cause of action. The writing they rely on to satisfy the Statute of Frauds (UCC 8-319 [a]) expressly contemplates execution of formal stock purchase and shareholder agreements, and, lacking a mechanism for ascertaining the manner of governance and other material terms customarily included in such formal agreements, otherwise amounts to nothing more than an unenforceable agreement to agree (*see, Martin Delicatessen v Schumacher*, 52 NY2d 105; *Arcadian Phosphates v Arcadian Corp.*, 884 F2d 69, 73). While a claim for fraud is not precluded by the existence of an unenforceable contract (*see, Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 408), plaintiffs' fraud allegations do not assert a breach of duty extraneous or distinct from the contract, and this deficiency is not cured by their conclusory allegation that defendants never intended to perform the contract (*see, Fallon v McKeon*, 230 AD2d 629). The causes of action for breach of fiduciary duty and a shareholder's derivative claim are deficient because based on the unenforceable contract (*see, supra*). The claim for quantum meruit seeking compensation for services rendered to the corporate defendant is without merit, since, when plaintiff commenced work, she agreed to do so without salary, there is no allegation that an equity interest or additional compensation was promised to her at that time, the subsequent communications allegedly tied her demand for an equity interest to the extinguishment of the debt owed to her coplaintiff, there is no allegation that she was promised an equity interest or additional compensation for the work she was doing beyond what eventually came to be her salary, and plaintiff's contribution to the company does not in and of itself entitle her to additional compensation (*see, supra*). In any

event, the complaint does not plead the reasonable value of plaintiff's services. We have considered plaintiffs' other arguments and find them to be unpersuasive. Concur—Nardelli J. P., Rubin, Tom and Andrias, JJ.