■ JOHN CLARKE et al., Appellants, v JAMES H. HIMELRIGHT et al., Respondents. [681 NYS2d 845] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Connor, J.), entered July 7, 1998 in Columbia County, which, *inter alia*, denied plaintiffs' motion for summary judgment.

Plaintiffs contracted to purchase premises owned by defendants and located in the Town of Germantown, Columbia County. The real estate contract had, by its terms, an effective date of November 24, 1997, the date on which plaintiffs' attorney received the fully executed document. Within 15 days of that date, plaintiffs were to obtain a report on the structural conditions of the premises. If an unacceptable inspection report was forthcoming, plaintiffs could, within three business days of its receipt, opt to cancel the agreement and have their $6,800 down payment refunded.

Although plaintiffs' inspector verbally conveyed some of his findings and concerns regarding the house to plaintiffs in November 1997, he did not deliver his written report, dated

November 19, 1997, until December 5, 1997. That same day, plaintiffs sent defendants a letter referencing the report, indicating their intention not to consummate the purchase and requesting a refund of their down payment. Defendants refused to accede and plaintiffs commenced this action seeking return of those funds. Supreme Court's denial of plaintiffs' motion for summary judgment prompted this appeal.

While it is undisputed that plaintiffs became aware of some of the inspector's concerns before they actually received his written report, a plain reading of the contract belies the suggestion that the inspector's initial, oral explanation of his findings constituted a "report" from which plaintiffs' three-day cancellation period was to be measured. Furthermore, defendants offer no evidence to contradict plaintiffs' averments that they informed defendants of their intention to cancel on December 5, 1997, the very day they received the written report. There are, therefore, no triable issues of fact as to whether plaintiffs complied with the contractual requirements for rescinding the agreement upon receipt of an unfavorable inspection report (*see, Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404).

Nor are we persuaded that a question of fact exists with respect to whether the inspector's concerns were sufficient to allow cancellation of the contract. The report indicated that problems existed with, *inter alia*, radon levels, uneven floors, possible water in the basement, missing windows, a structurally unsound out building and water potability. No basis appears for concluding, as defendants urge, that plaintiffs acted in bad faith, or unreasonably, in deciding that the results of the inspection were unacceptable (*see, Alper Blouse Co. v Connor & Co.*, 309 NY 67, 70-71; *Lipshy v Sabbeth*, 134 AD2d 409, 411). As plaintiffs complied with the terms of the contract, they are entitled to summary judgment. We reject, however, their contention that defendants acted frivolously and in bad faith; on this record, an award of counsel fees pursuant to 22 NYCRR part 37 is not warranted.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as denied plaintiffs' motion for summary judgment; motion granted and summary judgment awarded to plaintiffs; and, as so modified, affirmed.