■ S.L.S.M.C., INC., Appellant, v BRUCE S. BRICKMAN & ASSOCIATES, INC., et al., Respondents. (And a Counterclaim Action.) [716 NYS2d 662] —Order, Supreme Court, New York County (Charles Ramos, J.), entered October 26, 1999, which granted defendants' motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion to amend the complaint, unanimously affirmed, with costs.

Plaintiff's principal's subjective interpretation of the parties' preliminary discussions fails to raise an issue of fact as to the formation of an oral joint venture. Nor is such an issue raised by plaintiff's April 30, 1998 letter to defendants, which, if anything, shows that the parties did not intend to be bound to each other without a further, lawyer-prepared writing (*see, Chatterjee Fund Mgt. v Dimensional Media Assocs.*, 260 AD2d 159). Plaintiff's claim that a further writing was no longer contemplated once defendants countersigned the letter is belied by the circumstance that plaintiff's attorney, who attended the meeting where defendants signed the letter, sent a letter to defendants the next day demanding that the parties' arrange-

ments be "memorialize[d]" in writing. Also demonstrating the parties' intent not to be bound by their preliminary negotiations or any oral understandings were plaintiff's repeated demands for a limited liability corporation operating agreement, and its statement that it would not contribute to the alleged venture until that agreement was fully negotiated and executed (*see, Silverite Constr. Co. v Montefiore Med. Ctr.*, 239 AD2d 336). Nor is there any merit to plaintiff's causes of action in tort and equity, which are improperly based on the alleged oral contract (*see, Chatterjee Fund Mgt. v Dimensional Media Assocs., supra; Steinberg v DiGeronimo*, 255 AD2d 204), or on allegations of prior dealings, and a nonexistent proprietary interest in certain information, that do not show that defendants owed plaintiff fiduciary duties with respect to the instant transaction that these sophisticated parties were negotiating at arm's length. We have considered and rejected plaintiff's other arguments. Concur—Williams, J. P., Tom, Mazzarelli, Rubin and Saxe, JJ.