■ VESTA INDUSTRIES, L. L. C., Appellant, v AUTO AMERICA OF NEW JERSEY, INC., et al., Respondents. [721 NYS2d 247] —In an action, *inter alia,* for a judgment declaring that the parties agreed to a lease, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Lally, J.), entered May 11, 2000, which granted the defendants' motion for summary judgment and declared that the parties did not agree to the lease.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court correctly determined, as a matter of law, that the instant action is barred by the Statute of Frauds (*see,* General Obligations Law § 5-703 [2]). The plaintiff may not sue for breach of an admittedly unexecuted lease (*see, Alison Place v Contowers Assocs. Ltd. Partnership,* 261 AD2d 169). The rec-

ord clearly demonstrates that negotiations between the parties failed to reach a final agreement. Although the defendant Auto America of New Jersey, Inc., consensually took possession of the premises at issue during negotiations and improved it in anticipation of an agreement, this did not constitute part performance unequivocally referable to an oral agreement upon all essential terms of a five-year lease (*see, Wilson v La Van,* 22 NY2d 131; *Aeromar C. Por A. v Port Auth.,* 145 AD2d 584, 586-587; *Onorato v Lupoli,* 135 AD2d 693; *Cunnison v Richardson Greenshields Sec.,* 107 AD2d 50). Furthermore, for the partial performance doctrine to be applicable, "the acts of part performance must have been those of the party insisting on the contract, not those of the party insisting on the Statute of Frauds" (*Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group,* 93 NY2d 229, 237).

The plaintiff's remaining contentions are without merit. Santucci, J. P., Krausman, S. Miller and Smith, JJ., concur.