■ ROBERT B. GOEBEL, Appellant, v ROBERT RAEBURN, Respondent. [735 NYS2d 4] —Judgment, Supreme Court, New York County (Barry Cozier, J.), entered October 20, 2000, dismissing the complaint, and bringing up for review an order, same court and Justice, entered on or about September 28, 2000, which, as amended by an order, same court and Justice, entered October 17, 2000, granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to comply with the Statute of Frauds, unanimously affirmed, without costs. Appeals from the aforesaid orders entered on or about September 28, 2000 and on October 17, 2000, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

In this action alleging breach of a contract to purchase real property, the motion court properly found that a letter from plaintiff's counsel to defendant's counsel and a letter from defendant's counsel to plaintiff did not constitute writings sufficient to take the alleged agreement out of the Statute of Frauds, since the relied upon writings failed to state all the material terms of a complete agreement (*see, Generas v Hotel des Artistes*, 117 AD2d 563, 566, *lv denied* 68 NY2d 606). Moreover, the letters themselves reveal that the parties had not intended to be bound until a further formal contract was negotiated and executed (*see, Kniffen v Kniffen*, 223 AD2d 686; *Shui Ching Chan v Bay Ridge Park Hill Realty Co.*, 213 AD2d 467; *O'Brien v West*, 199 AD2d 369, 371). Concur—Tom, J. P., Andrias, Rubin, Buckley and Friedman, JJ.