■ DONALD J. URGO, Doing Business as DONALD J. URGO & ASSOCIATES, Respondent-Appellant, v SITARAM L. PATEL et al., Appellants-Respondents. [746 NYS2d 733]

On February 25, 1998, the plaintiff and Andrew Levenbaum, a nonparty, allegedly acting on behalf of Sitaram L. Patel (here-

inafter the appellant), signed a letter of intent to enter into a joint venture agreement to construct and operate a hotel. Pursuant to the letter of intent, the property for the hotel was to be transferred to the joint venture in exchange for a payment to the appellant in the sum of $1,650,000. The plaintiff was to receive a development fee and management fees, as well as a 50% share of the profits of the joint venture. The appellant, however, was not the owner of the property. He had previously conveyed the property to the defendant Rajaram, LLC, a company formed by the defendants Anil Lala and Kiran Patel. On September 18, 1998, counsel for the owner informed the plaintiff that the transaction would not proceed.

The plaintiff subsequently commenced this action against the appellant, Rajaram, LLC, Anil Lala, and Kiran Patel. In his first cause of action he sought specific performance of the agreement to transfer the property to the joint venture. The second cause of action sought damages for breach of the agreement. After discovery was completed, the defendants moved for summary judgment dismissing the complaint on the ground that enforcement of the letter of intent was barred by the statute of frauds (see General Obligations Law § 5-703 [2]). Specifically, they contended that the letter of intent did not contain the material terms necessary to satisfy the statute of frauds and that it was not signed by an individual with the requisite written authorization from Rajaram, LLC. In the order appealed from, the Supreme Court denied the motion, concluding that the letter of intent contained all the essential elements of a contract and that there was a question of fact as to whether Levenbaum had the actual or apparent authority to execute the letter of intent. A subsequent order dismissed the complaint insofar as asserted against Rajaram, LLC, Anil Lala, and Kiran Patel.

To satisfy the statute of frauds, a writing must identify the parties, describe the subject matter, state all the essential terms of an agreement, and be signed by the party to be charged (see *160 Chambers St. Realty Corp. v Register of City of N.Y.,* 226 AD2d 606) or, with respect to contracts for the sale of real property, "by his lawful agent thereunto authorized by writing" (General Obligations Law § 5-703 [2]). Unwritten apparent authority is insufficient to satisfy the statute of frauds (see *Diocese of Buffalo v McCarthy,* 91 AD2d 213, 218).

Even assuming that the letter of intent contained all the essential terms of an agreement, it was not signed by the party to be charged or by an agent with written authorization. Levenbaum had no written authorization from the appellant and

neither the appellant nor Levenbaum had written authorization from Rajaram, LLC, the owner of the property, to enter into an agreement for its sale. Consequently, the letter of intent does not satisfy the statute of frauds (*see Shui Ching Chan v Bay Ridge Park Hill Realty Co.,* 213 AD2d 467; *DeMartin v Farina,* 205 AD2d 659).

Contrary to the plaintiff's contention, the letter of intent is not removed from operation of the statute of frauds by virtue of the appellant's alleged part performance. An agreement which violates the statute of frauds may be enforceable where there has been part performance "unequivocally referable" to the contract by the party seeking to enforce the agreement (*Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group,* 93 NY2d 229, 235, 237; *see* General Obligations Law § 5-703 [4]). Any part performance by the appellant, the party relying on the statute of frauds, is insufficient to defeat the defense (*see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, supra* at 237; *Vesta Indus. v Auto Am. of N.J.,* 280 AD2d 666, 667).

Consequently, the Supreme Court should have granted summary judgment dismissing the complaint insofar as asserted against the appellant. We note that the plaintiff's first cause of action for specific performance would have to be dismissed in any event. Concededly, the appellant does not own the property. The action against Rajaram, LLC, the owner, has been dismissed. Therefore, specific performance could not be granted. Ritter, J.P., Altman, Smith and Goldstein, JJ., concur.