VENTURE MANUFACTURING (SINGAPORE) LTD., Respondent, v MATCO GROUP, INC., et al., Appellants. [775 NYS2d 105]—

Carpinello, J. Appeals (1) from an order and judgment of the Supreme Court (Relihan, Jr., J.), entered June 4, 2003 in Broome County, which, inter alia, granted plaintiff's motion for summary judgment, and (2) from an order and judgment of said court, entered June 30, 2003 in Broome County, which granted prejudgment interest to plaintiff in the amount of $85,886.02.

The instant litigation arises out of the failed negotiations between the parties over the sublease of a manufacturing facility in Mexico by plaintiff from a subsidiary of defendant Matco Group, Inc. While preliminary negotiations resulted in an October 4, 2000 letter agreement typed on Matco letterhead, this document was never signed by plaintiff. When the parties were unable to reach a final agreement, plaintiff walked away

from the negotiations and secured a deal elsewhere without any formal sublease ever having been executed. Plaintiff sued to recover $390,048.26 it had initially placed on deposit with defendants' attorneys to secure its obligations under the intended arrangement. Defendants appeal from, among other things, a grant of summary judgment in plaintiff's favor.

Notably, the letter agreement itself, as well as subsequent communications between the parties, contemplated the execution of a formal sublease agreement (*see Goebel v Raeburn*, 289 AD2d 43 [2001]; *Steinberg v DiGeronimo*, 255 AD2d 204 [1998]; *Kniffen v Kniffen*, 223 AD2d 686 [1996]; *EDP Med. Computer Sys. v Sears, Roebuck & Co.*, 149 AD2d 563, 564 [1989], *lv dismissed and denied* 74 NY2d 873 [1989]). The parties' correspondence also memorialized the need to resolve numerous additional material terms before any binding sublease agreement could be finalized (*see Rogers v Mattucci*, 230 AD2d 725 [1996], *lv denied* 89 NY2d 816 [1997]; *Deli of Latham v Freije*, 101 AD2d 935 [1984], *affd* 63 NY2d 915 [1984]). In addition, statements of Matco representatives themselves following Matco's unilateral execution of the letter agreement belie its present contention that the execution of a sublease agreement was a "mere formality" (*see generally S.L.S.M.C., Inc. v Brickman & Assoc.*, 277 AD2d 184 [2000]). Moreover, any assertion on the part of Matco that it was "astonished" by plaintiff's decision to walk away from negotiations is similarly belied by correspondence between the parties wherein plaintiff unequivocally forewarned Matco on numerous occasions that it would pursue other options if an agreement could not be reached.

Under these circumstances, no binding agreement existed between the parties (*see e.g. Scheck v Francis*, 26 NY2d 466, 469-470 [1970]; *Vesta Indus. v Auto Am. of N.J.*, 280 AD2d 666, 666-667 [2001]; *Valentino v Davis*, 270 AD2d 635, 638 [2000]; *LaRuffa v Fleet Bank*, 260 AD2d 299 [1999]; *Tebbutt v Niagara Mohawk Power Corp.*, 124 AD2d 266 [1986]; *see also* General Obligations Law § 5-703 [1]). Thus, Supreme Court properly granted plaintiff summary judgment and ordered return of its $390,048.26 deposit (*see generally Rogers v Mattucci, supra*). We are also unpersuaded that any action taken by Matco was "unequivocally referable" (*Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 235 [1999]; *Anostario v Vicinanzo*, 59 NY2d 662, 664 [1983]) to an oral agreement between the parties sufficient to invoke the part performance exception to the statute of frauds (*see* General Obligations Law § 5-703 [4]). Finally, we find no error in the court's award of interest to plaintiff (*see* CPLR 5001; *see e.g.*

*Zimmerman v Tarshis*, 300 AD2d 477, 478 [2002]; *Eighteen Holding Corp. v Drizin*, 268 AD2d 371, 372 [2000]; *see generally Lawyers' Fund for Client Protection of State of N.Y. v Bank Leumi Trust Co. of N.Y.*, 94 NY2d 398, 407-408 [2000]).

Defendants' remaining contentions, to the extent properly before this Court, have been considered and found to be without merit.

Cardona, P.J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the orders and judgments are affirmed, with costs.