WILDERHOMES, LLC, Respondent, v DONALD G. ZAUTNER et al., Appellants. (And a Third-Party Action.) [825 NYS2d 564]—

Spain, J. Appeal from an order of the Supreme Court (Spargo, J.), entered June 1, 2005 in Albany County, which denied defendants' motion to, inter alia, dismiss the complaint.

By contract dated January 30, 2004, the parties agreed that plaintiff would purchase from defendants a 21-unit apartment complex located in the Town of Bethlehem, Albany County. The sale was never consummated; disputes arose over certain structural defects in the property and, after notice by plaintiff that it was exercising its option to cancel the contract due to such defects, defendants ultimately entered into a contract to sell the property to another party. Alleging that the contract was still enforceable, plaintiff commenced this action for breach of contract seeking, among other things, specific performance. Plaintiff also filed a notice of pendency against the property. Defendants moved to dismiss the complaint or, in the alternative, for summary judgment. Supreme Court, finding that tri-

able issues of fact existed as to whether plaintiff had effectively cancelled the contract, denied the motion, prompting this appeal by defendants. We reverse and hold that the complaint should have been dismissed pursuant to CPLR 3211.

The following facts are evident from the record and not in dispute. Paragraph 14 of the parties' January 30, 2004 contract provides, in pertinent part: "This Agreement is contingent upon a written determination . . . that the property is free from any substantial structural, mechanical, environmental, plumbing, electrical or roofing defects. With respect to all the aforementioned conditions except the roofing, this contingency shall be deemed waived unless [plaintiff] shall notify [the real estate broker], in writing, . . . post-marked no later than 14 days from acceptance, or by personal service by such date, of such substantial defect(s), and furthermore supplies a written copy of the inspection report. With respect to the roofing contingency, the period for notification shall be 60 days from inspection . . . . If [plaintiff] so notifies, then this Agreement shall be deemed cancelled, null and void, and all deposits made hereunder shall be returned to [plaintiff] or, at [plaintiff's] option, said cancellation may be deferred for a period of ten (10) days in order to provide the parties any opportunity to otherwise agree in writing." During the course of various inspections, the parties agreed to numerous extensions of the inspection contingencies until, on June 11, 2004, plaintiff, in accordance with the above-quoted paragraph 14, delivered to the broker a copy of the inspection report listing several substantial defects, including the roof, with notice that plaintiff was invoking its option to cancel the contract as well as the option to defer such cancellation for 10 days to permit the parties to reach a written agreement. Thereafter, the parties continued negotiating terms and agreed to several extensions of the deferment period.

Finally, by letter dated August 4, 2004, plaintiff proposed final terms for resolution of the remaining disputes and stated that "[i]f these provisions are not acceptable to your clients, we hereby invoke the contingency contained in Paragraph 14 of the Contract between the parties, deeming the Agreement cancelled, null and void, and hereby request that the deposit made hereunder be returned to the Purchaser." Defendants did not accept the proposed terms, but proposed a counteroffer by letter dated August 9, 2004. Plaintiff responded by letter dated August 13, 2004, which suggested terms for resolution once again and stated: "If this is acceptable to your clients, please let me know in writing by August 18, 2004. If not, we shall adhere to the terms of my August 4, 2004 letter and the contract shall be

regarded as a nullity." Defendants did not respond prior to August 18, 2004.

Thereafter, the parties continued negotiations, culminating with plaintiff signing a revised contract and delivering it to defendants for their signature. Defendants, however, did not sign the new contract; instead, they entered into an agreement to sell the property to another party, prompting plaintiff to commence this action.

To state a cause of action for breach of contract, it was incumbent upon plaintiff to state facts which, if credited, allege that an enforceable contract existed between the parties at the time of the alleged breach (see *Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC*, 31 AD3d 983, 985-986 [2006]; *Venture Mfg. [Singapore] v Matco Group*, 6 AD3d 850, 851 [2004]; *Pentony v Saxe*, 2 AD3d 1076, 1076-1077 [2003]). In its complaint, plaintiff concedes that after defendant failed to respond to the August 18, 2004 deadline imposed by plaintiff's August 13, 2004 letter, the "contract was deemed a nullity." Plaintiff's assertions that the contract was revived because the parties thereafter orally agreed to withdraw the cancellation and continued negotiating the terms of the contract, or because a signed cancellation and release was never delivered, are unavailing. The clear language of paragraph 14—and the letters written by plaintiff's attorney invoking plaintiff's unilateral option to cancel the contract unless the parties agreed otherwise *in writing* within the proscribed time period—leave no question that the contract became a nullity on August 18, 2004 by operation of law, freeing the parties to negotiate a new written contract or abandon their efforts (see General Obligations Law § 5-703 [1]; *cf. Welch v Hauck*, 18 AD3d 1096, 1097-1098 [2005], *lvs denied* 5 NY3d 708 [2005] [contract remained valid despite purchaser's assertion that contract would be void if dispute was not resolved where no specific time limit was given as an ultimatum and parties continued to negotiate]). As no new contract was ever executed by both parties, no contract existed on which to premise plaintiff's breach of contract cause of action and the complaint should have been dismissed (see *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 160 [1990]; *Eves v Bureau*, 13 AD3d 1004, 1005 [2004]; *Clarke v Himelright*, 256 AD2d 908, 909 [1998]; *England v Nettesheim*, 222 AD2d 825, 827-828 [1995]).

Mercure, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, complaint dismissed and notice of pendency canceled.