(August 16, 2007)

RENSSELAER COUNTY INDUSTRIAL DEVELOPMENT AGENCY, Respondent, v FUCCILLO AUTOMOTIVE GROUP, INC., Appellant. [841 NYS2d 180]—

Peters, J. Appeals (1) from two orders of the Supreme Court (Lynch, J.), entered July 17, 2006 and August 28, 2006 in Rensselaer County, which, inter alia, granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

In May 2003, plaintiff entered into an agreement with Trustco Bank to purchase a parcel of real property, located in the Town of East Greenbush, Rensselaer County, for $3,750,000. After paying a $100,000 deposit to Trustco, plaintiff paid an additional $100,000 to extend the closing date to November 1, 2005. This extension was necessary to effectuate a conditional assignment of plaintiff's rights to defendant under the agreement so that defendant could investigate whether it was interested in purchasing the property for development as a car dealership. On November 22, 2004, plaintiff and defendant executed a conditional assignment of the purchase and sale agreement, for which defendant paid $25,000 as consideration.

The conditional assignment allowed for a seven-month investigation period, providing that "[i]f the results of any of the Investigations are unacceptable to [defendant] for any reason . . . [defendant] shall notify [plaintiff] in writing . . . and thereafter . . . [defendant] can reject this Conditional Assignment and the parties shall have no further obligations to each other." If such notice was not provided within the specified time period, the assignment would be deemed completed, with all of the conditions fully satisfied. This would trigger the following financial obligations: "Within ten (10) days following [defendant's] acceptance of this Conditional Assignment, [defendant] shall reimburse [plaintiff] the sum of One Hundred Thousand and 00/100 Dollars ($100,000.00) representing the Deposit paid by [plaintiff] to Trustco under the Purchase and Sale Agreement and an additional sum equal to the difference between the amount paid by [plaintiff] to Trustco for the 'Closing Date Extension' . . . all of which must be applicable against the purchase price for the Premises under the Purchase and Sale Agreement, as amended."

Defendant alleges that in May 2005, its attorney, Anthony Maney, orally advised Robert Pasinella, plaintiff's executive director, that an investigation revealed significant deficiencies which made the property unacceptable for defendant's purposes

and that it was rejecting the assignment. This communication was allegedly reiterated at a meeting between Maney and Pasinella in the summer of 2005.

On October 14, 2005, two weeks prior to the contractual closing date, A. Joseph Scott, plaintiff's counsel, contacted Robert Scalione, defendant's general counsel, inquiring as to when the closing would take place. Scalione advised Scott, both in that conversation and by letter dated October 17, 2005, that it was defendant's understanding that the assignment had been rejected. Plaintiff countered by stating that since defendant never advised it in writing that the property was unacceptable, the closing was scheduled to take place on November 1, 2005. When defendant refused to go forward with the closing, plaintiff terminated its contract with Trustco and thereafter commenced this action to recover the money it forfeited under that contract as a result of defendant's breach.

On plaintiff's motion for summary judgment, countered by defendant's cross motion, Supreme Court held, in two orders, that when defendant failed, within the seven-month investigation period, to notify plaintiff in writing that the property was unacceptable, the assignment was deemed accepted. Pursuant to the assignment, defendant then became liable to plaintiff for its initial $100,000 deposit to Trustco, as well as the additional $100,000 paid to extend the closing date, less the $25,000 consideration that defendant already paid. Judgment was entered for $175,000 on these orders. Defendant appeals.

General Obligations Law § 15-301 (4) provides that where "a written agreement . . . contains a provision for termination or discharge on written notice by one or either party, the requirement that such notice be in writing cannot be waived except by a writing signed by the party against whom enforcement of the waiver is sought or by his agent." Even "actual oral notice" has been found insufficient (*Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 378 [1986]).

Since the parties set forth " 'their agreement in a clear, complete document, their writing should . . . be enforced according to its terms' " (*Perrino v Hogan*, 175 AD2d 478, 479 [1991], quoting *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *accord South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 277 [2005]), particularly where " 'the instrument was negotiated between sophisticated, counseled business people negotiating at arm's length' " (*Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004], quoting *Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548 [1995]; *accord South Rd. Assoc., LLC v International Bus.*

*Machs. Corp., supra* at 277). With the unambiguous language of the assignment "indicat[ing] that [no]thing less than written notification [of unacceptability] would be acceptable" (*Perrino v Hogan, supra* at 479; *see Maxton Bldrs. v Lo Galbo, supra* at 378; *Wilderhomes, LLC v Zautner*, 34 AD3d 1062, 1064 [2006]), Supreme Court properly determined that defendant's alleged oral communication, even if timely, was ineffective.

We have reviewed defendant's contention that plaintiff's claim must be barred by the doctrine of waiver or estoppel and find it to be without merit. As to the issue of damages, inasmuch as defendant accepted the assignment of the contract by failing to timely deliver written notice that the property was unacceptable, Supreme Court correctly computed the damages in accordance with paragraph four of the contract. For all of these reasons, we affirm.

Crew III, J.P., Mugglin and Lahtinen, JJ., concur. Ordered that the orders and judgment are affirmed, with costs.