■ STEVEN E. SNYDER et al., Appellants, v ISABELLA GERIATRIC CENTER, INC., et al., Respondents. [652 NYS2d 18] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about June 16, 1995, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The record is replete with documents, including the proposed written contract prepared by plaintiffs, stating that the parties were not to be bound by an agreement until the terms thereof were reduced to writing and signed by both sides. "Generally, where the parties contemplate that a signed writing is required there is no contract until one is delivered", except "when the parties have agreed on all contractual terms and have only to commit them to writing" (*Matter of Municipal Consultants & Publs. v Town of Ramapo*, 47 NY2d 144, 148), which is not the case here (*see, BMH Realty v 399 E. 72nd St. Owners*, 221 AD2d 165). Even if it were the case, the alleged oral contract would

be barred by Statute of Frauds (General Obligations Law § 5-703 [3]). Accordingly, there is no merit to plaintiffs' claim for breach of contract. The other claims are all derived from the alleged oral agreement, and therefore also lacking in merit (*compare, Lehrer McGovern Bovis v New York Yankees*, 207 AD2d 256). We have considered plaintiffs' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger, Nardelli and Mazzarelli, JJ.