■ SILVERITE CONSTRUCTION CO., INC., Appellant, v MONTEFIORE MEDICAL CENTER et al., Respondents. [657 NYS2d 196] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Kohn, J.), dated April 22, 1996, which granted the defendants' motion for summary judgment dismissing the first and second causes of action asserted in the complaint, and (2) an order of the same court dated August 7, 1996, which denied the plaintiff's motion for leave to reargue.

Ordered that the appeal from the order dated August 7, 1996,

is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated April 22, 1996, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

It is well settled that if parties do not intend to be bound until an agreement between them is reduced to a writing and properly executed, they will not be bound in its absence (*see, Scheck v Francis,* 26 NY2d 466; *EDP Med. Computer Sys. v Sears, Roebuck & Co.,* 149 AD2d 563). The record shows that both the plaintiff and the defendant Montefiore Medical Center manifested a clear intent not to be bound except under such circumstances. The plaintiff refused to begin any construction work and/or commit itself to the purchase of costly construction material in the absence of a formal contract. The defendant Montefiore Medical Center manifested a similar intent by its statement in its Notice to Bidders advising them that a contract would not exist until "the required contract documents are properly executed and include the approval of the Owner".

There is also no merit to the plaintiff's contention that two preliminary tests it performed constituted partial performance, since the tests were requested under separate work orders and were conducted for the purpose of assessing the scope of the project. In any event, the parties failed to agree on certain essential contract terms, including, *inter alia,* the issue of overtime pay and the amount of the bonus for early completion. Since those terms cannot be determined by reference to an outside objective standard, no agreement can be said to exist (*see, Azoulay v Cassin,* 128 AD2d 660; *cf., Metro-Goldwyn-Mayer v Scheider,* 40 NY2d 1069; *Four Seasons Hotels v Vinnik,* 127 AD2d 310, 323).

Thus, upon this record, the Supreme Court properly dismissed the plaintiff's first and second causes of action (*see generally, Brown Bros. Elec. Contrs. v Beam Constr. Corp.,* 41 NY2d 397). Pizzuto, J. P., Santucci, Joy and Florio, JJ., concur.