■ CYNTHIA L. MURPHY, Appellant-Respondent, v EEG ENTERPRISES, INC., Respondent-Appellant, and WILLIAM POSNER et al., Respondents. [666 NYS2d 693] —In an action, *inter alia,* to recover damages for breach of a buy-out agreement, (1) the plaintiff appeals, as limited by her brief, from (a) stated portions of a decision of the Supreme Court, Nassau County (Adams, J.), entered September 17, 1996, and (b) so much of a judgment of the same court, dated December 10, 1997, as dismissed the complaint and awarded the defendant EEG Enterprises, Inc., $75,000 on the first counterclaim, and (2) the defendant EEG Enterprises, Inc., cross-appeals, as limited by its notice of appeal and brief, from (a) stated portions of the same decision and (b) so much of the same judgment as failed to award it prejudgment interest on sums awarded on the first, second, and third counterclaims.

Ordered that the appeal and cross appeal from the decision are dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is modified, on the law, by adding a provision thereto awarding the defendant EEG Enterprises, Inc., prejudgment interest on the sums awarded to it on the first, second, and third counterclaims; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, and the matter is remitted to the Supreme Court, Nassau County, for calculation of the interest in accordance herewith; and it is further,

Ordered that the respondent-appellant and the respondents are awarded one bill of costs.

It is well settled that if the parties do not intend to be bound until an agreement between them is reduced to a writing and properly executed, they will not be bound in its absence (*see, Scheck v Francis,* 26 NY2d 466; *Schwartz v Greenberg,* 304 NY 250, 254). A review of the record here establishes that the par-

ties intended that the buy-out agreement would be binding upon the plaintiff both individually and as executor of her deceased husband's estate. The plaintiff does not dispute that at the time she alleges an agreement was reached letters testamentary had not been issued. Prior to the issuance of letters testamentary an executor has neither the power to dispose of estate property, nor the capacity to enter into a contract to do so (see, EPTL 11-1.3; *Bigaj v Gehl,* 167 AD2d 837; *Cohn v United States Trust Co.,* 127 AD2d 523; *Matter of Yarm,* 119 AD2d 754; 2 Warren's Heaton, Surrogates' Court § 32.05 [3], at 32-38). Because the plaintiff declined to execute the agreement after receiving letters testamentary, we agree with the Supreme Court that no binding agreement was reached.

Furthermore, the court did not err in requiring the plaintiff to return certain funds she had received from the defendants in anticipation that she would execute the agreement. To permit the plaintiff to retain those funds, while not transferring her deceased husband's interest in the defendant corporation to the defendants, would result in the plaintiff being unjustly enriched.

We agree with the defendant corporation that it is entitled to prejudgment interest on the amounts awarded it under its first, second, and third counterclaims (see, CPLR 5001). The matter is remitted to the Supreme Court for calculation of that interest, which, on the first counterclaim, should be calculated as of September 4, 1991, since that is the earliest possible date that the cause of action existed (see, CPLR 5001 [b]). Because there is no indication when the defendant corporation demanded repayment on the second and third counterclaims, interest for the sums recovered on those counterclaims should be calculated from the date those counterclaims were brought.

We have reviewed the plaintiff's remaining contentions and find that they are without merit. Ritter, J. P., Sullivan, Goldstein and Lerner, JJ., concur.