■ PASCAL M. GHATTAS, Appellant, v ROBERT SHELALA et al., Respondents. [701 NYS2d 552] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced employment with defendant Compass Forwarding Co., Inc. (Compass) in Saudi Arabia during October 1993 and was terminated from that employment effective February 1, 1995. He commenced this action seeking damages for breach of contract, contending that he was terminated prior to expiration of his two-year term of employment and that Compass and the individual defendants, who are officers of Compass, failed to pay certain benefits to him pursuant to their agreement. Supreme Court properly granted defendants' motion for summary judgment dismissing the amended complaint.

Plaintiff failed to establish the existence of a written agreement or some note or memorandum evidencing an agreement subscribed by defendants, "the part[ies] to be charged therewith" (General Obligations Law § 5-701 [a]). Three letters were exchanged between the parties. The first letter is from Compass and is signed by defendant Richard Shelala and sets forth some preliminary terms of employment; the letter contemplates further discussion and that the terms "would be integrated into a formal contract." The second letter, which appears unsigned in the record, is from defendant Robert Shelala and sets forth proposed contractual terms and contains a line for plaintiff's signature accepting the terms. Plaintiff did not accept. Instead, in the third letter, he indicates his acceptance of some terms, his rejection of others and his proposal for additional terms. The court properly determined that the third

letter constitutes a counteroffer (*see, Gram v Mutual Life Ins. Co.*, 300 NY 375, 382-383) that defendants did not accept. Under the circumstances, the letters do not establish the existence of an agreement between the parties (*see, Gram v Mutual Life Ins. Co., supra*, at 382-383; *Roer v Cross County Med. Ctr. Corp.*, 83 AD2d 861). Further, the court properly rejected plaintiff's claim based on part performance. Plaintiff could not establish part performance in reliance upon the second letter because defendants presented the terms but did not agree to them, and plaintiff failed to establish any performance by defendants in reliance upon the third letter. (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt and Balio, JJ.