■ DONALDSON ACOUSTICS Co., INC., Appellant, v NAB CONSTRUCTION CORPORATION, Respondent. [709 NYS2d 107] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winick, J.), entered March 17, 1999, which granted the defendant's motion for summary judgment dismissing the complaint and denied its cross motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that it entered into an agreement with the defendant to perform ceiling and plaster work in connection with the renovation of a subway station, and that the defendant subsequently breached the agreement by hiring another subcontractor to do the work. After depositions had been conducted, the defendant moved for summary judgment, contending that the parties had never entered into a binding written contract, and that any alleged oral agreement would be barred by the Statute of Frauds because the plaintiff's obligations could not be performed within one year. The Supreme Court, *inter alia,* granted the defendant's motion for summary judgment. We affirm.

Contrary to the plaintiff's contention, the Supreme Court properly concluded that the parties never entered into an enforceable contract. After initially accepting the plaintiff's bid, the defendant forwarded a proposed subcontract to the plaintiff. However, the plaintiff's president did not execute the proposed subcontract because the parties were still negotiating its terms, including a critical issue relating to the nature of the ceiling work to be performed. After an 11-month delay, the president of the plaintiff returned the subcontract to the defendant with

a number of significant modifications. The defendant rejected those modifications and refused to execute the agreement. The plaintiff's belated execution of the subcontract with substantial modifications was not an acceptance of the defendant's offer (*see, Ghattas v Shelala,* 267 AD2d 1015; *Ronan v Valley Stream Realty Co.,* 249 AD2d 288; *Roer v Cross County Med. Ctr. Corp.,* 83 AD2d 861). Although the plaintiff contends that various documents exchanged by the parties during their negotiations can be read together to establish that the parties agreed to the terms of the modified subcontract, these documents fail to demonstrate the existence of a complete agreement on essential terms (*see, Silverite Constr. Co. v Montefiore Med. Ctr.,* 239 AD2d 336; *Rogers v Mattucci,* 230 AD2d 725). Moreover, where, as here, the parties have clearly manifested an intent not to be bound until they have a properly-executed written agreement, they will not be bound in the absence of such an agreement (*see, Scheck v Francis,* 26 NY2d 466; *Silverite Constr. Co. v Montefiore Med. Ctr., supra*; *Rogers v Mattucci, supra*).

We further note that an oral agreement between the parties would be barred by the Statute of Frauds because it could not, by its own terms, be performed within one year from the day of its making (*see,* General Obligations Law § 5-701 [a] [1]; *J.R. Loftus, Inc. v White,* 85 NY2d 874, 876; *Unicorn Enters. v Stonewall Contr. Corp.,* 232 AD2d 404; *Halpern v Shafran,* 131 AD2d 434).

The plaintiff's remaining contentions are without merit. Santucci, J. P., Thompson, Friedmann and Krausman, JJ., concur.