CREDIT SUISSE FIRST BOSTON CORPORATION, Respondent, v HAROLD E. COOKE et al., Appellants. [725 NYS2d 395] —In an action to foreclose a mortgage, the defendants appeal from (1) an order of the Supreme Court, Westchester County (Barone, J.), entered February 15, 2000, which, *inter alia,* granted the plaintiff's motion for summary judgment, dismissed their affirmative defenses, severed their counterclaims and referred the counterclaims to arbitration, and (2) a judgment of the same court, dated June 9, 2000, in favor of the plaintiff and against them.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court properly granted summary judgment to the plaintiff. The defendant Harold E. Cooke did not accept the

original terms of an agreement which the defendants contend modified the terms of the note and mortgage. Contrary to the defendants' contention, Cooke's additions and notations to the agreement constituted a rejection and counteroffer which rendered acceptance of the original terms impossible (*see, Kleinberg v Ambassador Assocs.,* 103 AD2d 347; *see also, Willis v Ronan,* 218 AD2d 794). Consequently, the unpaid note and mortgage exist separate and apart from the subsequent agreement, and those terms are in full force and effect.

The defendants' further argument, that the Supreme Court erred in failing to direct arbitration of the subject dispute, is without merit. A party cannot be required to submit to arbitration matters that it has not agreed to arbitrate (*see, Macy & Co. v National Sleep Prods.,* 39 NY2d 268). The plaintiff never agreed to arbitrate any dispute regarding the note and mortgage, and those documents do not contain any reference to arbitration. Santucci, J. P., Goldstein, Luciano and Adams, JJ., concur.