■ LAWRENCE L. SMITH ASSOCIATES, P. C., Respondent, v BOARD OF EDUCATION OF MASSAPEQUA UNION FREE SCHOOL DISTRICT, Appellant. [728 NYS2d 184] —In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Martin, J.), dated September 12, 2000, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In 1996 the Board of Education of the Massapequa Union Free School District (hereinafter the Board) began an extensive project to renovate its facilities. The project was to be conducted in two phases pursuant to two separate contracts. The first phase involved research of the work to be performed and the development of a detailed cost estimate. The second phase involved the actual renovation and construction. The plaintiff was awarded the contract to conduct the first phase of the project. The plaintiff alleges, *inter alia,* that after the first phase was completed, the superintendent of the school district orally agreed to award it the contract for the second phase. However, it is undisputed that the Board never executed a written contract with the plaintiff for the second phase, and that the Board ultimately awarded this contract to another entity.

Contrary to the Supreme Court's conclusion, the Board established its prima facie entitlement to judgment as a matter of law by proving that it never executed a written contract with the plaintiff for the second phase of the project (*see,* Education Law § 1709 [6], [22]; § 2522; *Granada Bldgs. v City of Kingston,* 58 NY2d 705; *McKee v City of Cohoes Bd. of Educ.,* 99 AD2d 923). Furthermore, the Board established that the parties did not intend to be bound until the agreement was reduced to writing and properly executed (*see, Silverite Constr. Co. v Montefiore Med. Ctr.,* 239 AD2d 336). In opposition, the plaintiff failed to raise a triable issue of fact sufficient to defeat the motion (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Donaldson Acoustics Co. v NAB Constr. Corp.,* 273 AD2d 192).

Therefore, the Board was entitled to summary judgment dismissing the complaint.

The plaintiff's remaining contention is without merit. Santucci, J. P., Goldstein, Florio and Crane, JJ., concur.