■ LOST CREEK ASSOCIATES, LLC, et al., Appellants, v MARINE MIDLAND BANK et al., Respondents. [741 NYS2d 115] —In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered March 13, 2001, as granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action to recover damages for breach of contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs sought a loan from the defendants to finance the construction of a mixed-use commercial and residential ski resort in Telluride, Colorado. By letter dated July 3, 1997, the defendants, Marine Midland Bank and Marine Midland Realty Credit Corporation (hereinafter MMB), set forth a preliminary summary of the loan terms they would be willing to "submit to [their] senior management for approval." The letter outlined a bridge loan in the amount of $1 million and a construction loan in the amount of $9.6 million. Repayment of the bridge loan was required within 90-180 days, or upon the funding of the construction loan, whichever was earlier. The letter also provided that "this extension must be reviewed and approved by MMB's senior management," and in the event that senior management "approves the extension," it would "only become effective after formal documents, satisfactory to MMB, are executed by all parties."

The plaintiffs aver that before the closing of the $1 million loan on July 22, 1997, an MMB senior vice-president told them

that the construction loan would close after the parties returned from their respective vacations. The parties conducted ongoing negotiations and drafted the customary document proposals in the interim, including several drafts of a construction note and a deed of trust. Ultimately, MMB decided not to execute the $9.6 million construction loan, and the plaintiffs commenced the instant action, inter alia, to recover damages for breach of contract.

"It is well settled that, if the parties to an agreement do not intend it to be binding upon them until it is reduced to writing and signed by both of them, they are not bound and may not be held liable until it has been written out and signed" (*Scheck v Francis*, 26 NY2d 466, 469-470; *see Murphy v EEG Enters.*, 245 AD2d 495; *Silverite Constr. Co. v Montefiore Med. Ctr.*, 239 AD2d 336, 337).

In the instant case, the letter dated July 3, 1997, clearly expressed MMB's intent not to be bound until after "formal documents, satisfactory to MMB, are executed by all parties." The plaintiffs' contention that the bridge loan constituted partial performance of the contract is without merit.

Accordingly, the Supreme Court properly dismissed the causes of action to recover damages for breach of contract. O'Brien, J.P., Friedmann, H. Miller and Crane, JJ., concur.