■ PELHAM COMMONS JOINT VENTURE et al., Appellants, v VILLAGE OF PELHAM et al., Respondents. [764 NYS2d 475] —In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), entered March 5, 2002, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On or about May 13, 1987, the defendant Village of Pelham (hereinafter the Village) and the plaintiff Pelham Commons Joint Venture (hereinafter Pelham Commons), through their respective agents, entered into a written agreement (hereinafter the 1987 Agreement) whereby Pelham Commons agreed to construct a mixed-use residential, commercial, and parking facility in the Village. The complex, as originally designed, would have consisted of a luxury condominium apartment building, a relatively small separate structure for commercial and retail purposes, a parking garage for the condominium owners and retailers, and a garage for Village use. In 1989 the parties executed a written modification to their agreement, which, among other things, eliminated the commercial and retail space component from the project.

The commencement of the construction project was significantly delayed. Disputes regarding the building plans arose, and no building permit application for the project was ever obtained. Furthermore, a commitment on a loan obtained by Pelham Commons, which was going to be used to finance the construction of the project, lapsed, as did a binder agreement on one of the parcels of the land which Pelham Commons intended to purchase for the construction of the condominium apartment building.

When it became evident that Pelham Commons was not prepared to proceed on the project as envisioned by the original agreement, the Village and Pelham Commons entered into new negotiations in an effort to save the project. Pelham Commons offered a new proposal for the condominium complex, which would have dramatically changed, inter alia, the type of condominium units which would be built, the means of financing the construction costs for the project, and the manner in which the units would be marketed to prospective purchasers. In 1994 the Village passed a resolution, through its Board of Trustees, indicating its support for the new proposal. Significantly, the resolution expressly provided that final approval for the project would have to wait until Village representatives signed another document, known as the "tri-party agreement."

Negotiations regarding the specifics of the project continued for some time and various drafts of the tri-party agreement were exchanged, but never signed. Pelham Commons and the Village could not agree on many significant aspects of the new proposal. Eventually, negotiations deteriorated and the Village demanded that Pelham Commons perform its obligations under the parties' original 1987 and 1989 agreements. Pelham Commons refused and, thereafter, commenced this action, inter alia, to recover damages for breach of contract.

The plaintiffs contend that the parties actually abandoned the 1987 and 1989 agreements, and entered into a completely new oral agreement for the construction of a condominium apartment complex. The plaintiffs argue that the Village formally accepted their proposal and indicated its approval for the new project in the 1994 resolution. In opposition, the defendants argue that the parties never formally agreed to the plaintiffs' new proposal. They note that the 1994 resolution, which the plaintiff relies upon, expressly indicated that further negotiations were necessary and that a final agreement would be memorialized in the tri-party agreement. The defendants argue that because the tri-party agreement was never executed, they cannot be held liable for breaching the alleged oral agreement.

The Supreme Court granted the defendants' motion to dismiss the complaint, finding that the 1987 and 1989 agreements were the operative contracts between the parties, and that there was no evidence that the defendants breached those agreements. The Supreme Court further found that, contrary to the plaintiffs' contention, the parties never formally entered into an oral modification of those agreements or a new oral agreement for the construction of a condominium complex. The plaintiffs appeal.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Where the parties by their conduct have manifested their mutual intent not to be bound until execution of a formal contract, effect will be given to that intention and, until the written contract is executed, no enforceable obligation will be held to arise (*see Matter of Municipal Consultants & Publs. v Town of Ramapo,* 47 NY2d 144, 148-149 [1979]; *Scheck v Francis,* 26 NY2d 466 [1970]; *Snyder v Isabella Geriatric Ctr.,* 235 AD2d 227 [1997]). The defendants demonstrated their prima facie entitlement to summary judgment by presenting evidence establishing that the parties merely had an agreement to agree on a final contract, and that the material terms of their agreement would

be worked out in subsequent negotiations and memorialized in the tri-party agreement. Indeed, the 1994 resolution expressly provided that the Village was accepting the plaintiffs' proposal, subject to final approval of the tri-party agreement. The plaintiffs admit that the while certain drafts of the tri-party agreement were circulated between the parties, the parties never executed and signed a formal document incorporating the terms of the alleged oral agreement. Therefore, the plaintiffs failed to raise a triable issue of fact as to this matter.

The plaintiffs' remaining contentions are without merit. Santucci, J.P., McGinity, Townes and Mastro, JJ., concur.