B & G Elec. Contrs. of NY, Inc. v Power House Maintenance, Inc. (2004 NY Slip Op 50596(U))

[*1]

B & G Elec. Contrs. of NY, Inc. v Power House Maintenance, Inc.

2004 NY Slip Op 50596(U)

Decided on March 8, 2004

Supreme Court, Suffolk County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 8, 2004

Supreme Court, Suffolk County
B & G ELEC. CONTRS. OF NY, INC., Plaintiff,
against
POWER HOUSE MAINTENANCE, INC., Defendant.
01-6336

GLASS & GLASS, Attorneys for Plaintiff, 72 East Main Street, Suite 3, Babylon, New York 11702. JACK MEVORACH, ESQ., Attorney for Defendant, Attorney for Defendant, 132 Spruce Street, Cedarhurst, New York 11516-1915

Arthur G. Pitts, J.
ORDERED that this motion by defendant, Power House Maintenance, Inc. ("Power House"), for an order granting defendant summary judgment dismissing plaintiff's complaint is granted; and this cross motion by plaintiff, B & G Electrical Contractors of New York, Inc. ("B [*2]& G"), for an order granting it partial summary judgment is denied.
Plaintiff commenced this action to recover damages stemming from Power House's alleged breach of contract with plaintiff. In the spring of 2000, plaintiff sought a price quote from defendant for defendant to perform certain subcontract work at the New York City outdoor firing range. On May 9 and May 10, 2000, based on plaintiff's description of the job site and initial scopes of work, defendant submitted to plaintiff price estimates and payment schedules for certain proposed subcontract work. On June 14, 2000, plaintiff indicated by letter that defendant was awarded the contract as a result of being the lowest bidder. Also in June 2000, subsequent proposed contracts with varying scopes of work, price estimates and payment schedules were exchanged between the parties, but none were executed. In July 2000, multiple discussions took place, various documents were exchanged, and plaintiff requested that defendant secure bonding for defendant's expected work on the project. On August 15, 2000 plaintiff provided defendant with another proposed contract and a check for $10,000.00. Defendant did not sign this contract, and on August 18, 2000, defendant expressed to plaintiff it would not be performing work at the site and returned plaintiff's uncashed check for $10,000.00, as well as an uncashed check for $5,590.00, which was meant to secure the necessary bonding for the project.
Defendant now moves this court for an order granting it summary judgment dismissing plaintiff's breach of contract complaint, arguing that no contract ever existed between the parties and that both plaintiff and defendant evidenced a clear intent not to be bound in the absence of a written contact. In opposition and in support of its own motion for summary judgment on the issue of liability, plaintiff argues that the totality of the writings exchanged proves the existence of a contract.
While the making of a bid by a subcontractor can constitute an offer to perform certain work at a designated price, the return of the proposal to the subcontractor with substantial modification does not equal the acceptance required to form a contract (Donaldson Acoustics Co., Inc. v NAB Construction Corp., 273 AD2d 192, 709 NYS2d 107 [2000]). In order to prove the existence of an oral contract, the proponent must demonstrate that the parties agreed on the essential terms of the contract and those terms can be determined without reference to an outside objective standard. If those agreed-upon essential terms cannot be identified, no contract exists (Silverlite Construction Co., Inc. v Montefiore Medical Center, et al., 239 AD2d 336, 657 NYS2d 196 [1997]). Furthermore, work performed to determine the scope of work that will be involved in the project does not constitute partial performance, which could otherwise prove the existence of a contract (id.). Moreover, where "the parties have clearly manifested an intent not to be bound until they have a properly-executed written agreement, they will not be bound in the absence of such an agreement" (Donaldson Acoustics Co., Inc., 273 AD2d at 193, 709 NYS2d at 108; Lawrence L. Smith Assoc., PC v Board of Massapequa Union Free School District, 285 AD2d 583, 728 NYS2d 184 [2001]; Warwick Assoc. v FAI Insurance, Lmtd, et al., 275 AD2d 653, 713 NYS2d 178 [2000]).
Here defendant has proven both that the parties never agreed on the essential terms of the [*3]contract and that both B & G and Power House manifested an intent not to be bound in the absence of a written contract. Defendant submitted at least two separate bid proposals for the firing range project to plaintiff in May of 2000. In a letter dated June 14, 2000, plaintiff indicated that defendant was awarded the contract as a result of being the lowest bidder. The letter does not indicate which bid was being accepted, although it also contains two differently-worded invoices, each totaling $449,500.00 for various parts of the work previously estimated by defendant in its two separate bids, as well as information about bonding costs and credits to be issued. The letter also states that an "executed copy of the contract will be returned to you upon execution by B & G." Plaintiff did not execute or deliver to defendant this referred-to contract. In June 2000, proposed contracts were exchanged which changed the total price for the project, the scope of work to be performed and the payment schedule to be made. While a proposed version was executed by plaintiff, defendant never signed this proposed contract. Furthermore, yet another proposed contract was given to defendant to sign on August 15, 2000 which, unlike the prior one- or two-page proposals, was hundreds of pages and six-inches thick. As with the prior proposals, defendant did not sign this contract and returned to plaintiff the uncashed checks plaintiff had given defendant. By virtue of the exchange of these multiple documents, defendant has proven that the parties had not reached an agreement on the essential material terms of the contract and that both B & G and Power House had demonstrated an intent not to be bound in the absence of a written contract.
 Plaintiff has failed to offer sufficient evidence in opposition or in support of its motion for summary judgment. Although defendant obtained bonding requested by plaintiff, provided references and arranged for a subcontractor to perform two days of land clearing work and dewatering tests to determine the scope of work which would be required, these preliminary steps taken by defendant do not constitute partial performance, which would create a contract that is binding on defendant. Indeed the court notes that plaintiff was never billed for the land clearing done by the subcontractor of defendant and defendant returned the check for the bonding to plaintiff, uncashed. Furthermore, contrary to plaintiff's contentions and for the reasons set forth above, all of the contract proposals cannot be read individually or together to prove that one binding contract was created between these parties.
Plaintiff's remaining contention, that there exists a cause of action for promissory estoppel is without merit. To prove such a claim, plaintiff must demonstrate that defendant made a clear and unambiguous promise to perform certain work for a certain price and that plaintiff reasonably relied on this promise in making its bid on the project (Bunkoff General Contractors, Inc. v Dunham Electric, Inc., 300 AD2d 976, 753 NYS2d 156 [2002]). Here, assuming arguendo that the estimates defendant gave to plaintiff in the spring of 2000 were bids, the fact that at plaintiffs request, these estimates varied in scope and price demonstrates that there was no one clear and unambiguous promise on which the plaintiff could prove it reasonably relied upon in making its bid. Furthermore, according to plaintiff, after the plaintiff was awarded the contract from the general contractor, it asked all of its potential subcontractors to submit their most competitive bids. Indeed, the first written price estimates were made by defendant in May of 2000, after plaintiff bid on and was awarded the project in April of 2000. Since plaintiff's [*4]requests for these proposals took place subsequent to plaintiff being awarded the contract, plaintiff cannot prevail on the theory that it relied upon these promises in making its bid on the project.
Therefore, the motion by defendant for an order granting it summary judgment dismissing plaintiff's complaint is granted and the cross motion by plaintiff for an order granting it partial summary judgment is denied.
Dated: March 8, 2004
______________________________
J.S.C.