In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated July 18, 2007, as denied its motion for summary judgment dismissing the third and fourth causes of action, and the plaintiffs cross-appeal from so much of the same order as denied their cross motion for summary judgment on those causes of action.
Ordered that the order is reversed insofar as appealed from, on the law, and the defendant’s motion for summary judgment dismissing the third and fourth causes of action is granted; and it is further,
Ordered that the order is affirmed insofar as cross-appealed from; and it is further,
Ordered that one bill of costs is awarded to the defendant.
The defendant provided the plaintiffs with two proposals to design and construct a medical office building in Dutchess County. In 2003 and 2004 the parties exchanged various documents. On March 26, 2004, the parties entered into a written contract for the defendant to provide only design services for *765 the project. The design contract did not contain any bonding requirement.
The parties never executed a written contract for the construction of the project. The defendant was terminated from the project in February 2005 due to its failure to obtain payment and performance bonding. The plaintiffs commenced this action alleging, inter alia, that the defendant’s failure to obtain payment and performance bonding was a breach of the parties’ contract, which caused the plaintiffs to rebid the contract and sustain damages as a result of the delay. The third cause of action seeks to recoup those damages, and alleges breach of contract; the fourth cause of action seeks to recover the same damages, on a theory of unjust enrichment.
The plaintiffs contend that the parties, by their actions and the attendant circumstances (see Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397, 399-400 [1977]), agreed to all of the terms of an unwritten comprehensive contract not only for the design of the project, but also for its construction, which the defendant breached by its failure to obtain bonding. The defendant contends that the parties intended to enter into a separate written contract for the construction of the project, in addition to the written contract for the design of the project. Since the design contract contained no bonding requirement, and the parties failed to enter into a written contract for the construction of the project, the defendant contends that its failure to obtain bonding was not a breach.
The defendant made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the parties never came to a complete agreement on the essential terms of anything other than the March 26, 2004, design contract which, as noted, did not contain a bonding requirement (see Donaldson Acoustics Co. v NAB Constr. Corp., 273 AD2d 192, 193 [2000]). For example, the documents which the plaintiffs claim should be read together to establish that the parties orally agreed to a comprehensive design and construction contract do not contain essential items such as dates for commencement and substantial completion of the work, and the contract price.
Moreover, the parties, by their actions, manifested their mutual intent not to be bound until the execution of a formal written construction contract. Thus, no enforceable obligation or agreement existed (see Pelham Commons Joint Venture v Village of Pelham, 308 AD2d 520, 521 [2003]; Lost Cr. Assoc. v Marine Midland Bank, 293 AD2d 719, 720 [2002]; Donaldson Acoustics Co. v NAB Constr. Corp., 273 AD2d 192, 193 [2000]; Silverite Constr. Co. v Montefiore Med. Ctr., 239 AD2d 336, 337 [1997]).
*766 In opposition to the defendant’s prima facie showing that there was no contract requiring it to obtain bonding, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Accordingly, the Supreme Court should have granted that branch of the defendant’s motion which was for summary judgment dismissing the third cause of action.
The defendant also made a prima facie showing of its entitlement to judgment dismissing the fourth cause of action, to recover damages for unjust enrichment (see Citibank, N.A. v Walker, 12 AD3d 480, 481 [2004]). Since the plaintiffs failed to raise a triable issue of fact in response, the Supreme Court should have granted that branch of the defendant’s motion which was for summary judgment dismissing the fourth cause of action.
For the same reasons, the Supreme Court properly denied the plaintiffs’ cross motion for summary judgment on the third and fourth causes of action. Ritter, J.E, Florio, Miller and Dillon, JJ., concur.