■ ADCO Electrical Corporation, Respondent, v HRH Construction, LLC, et al., Appellants. [880 NYS2d 188]—

In a consolidated action, inter alia, to recover damages in quantum meruit for services rendered, the defendants appeal from a judgment of the Supreme Court, Westchester County, (Nastasi, J.), entered August 1, 2007, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $393,469.75.

Ordered that the judgment is affirmed, with costs.

In this consolidated action, the plaintiff ADCO Electrical Corporation (hereinafter ADCO), an electrical subcontractor, alleges that the defendant general contractor George A. Fuller Company, Inc. (hereinafter GAFCO), the defendant construction manager HRH Construction, LLC (hereinafter HRH), and the defendant property owner LC White Plains, LLC (hereinafter LC and collectively with HRH and GAFCO, the defendants) were obligated to pay it for electrical work it performed on the White Plains City Center project and the adjoining Performing Arts Center (hereinafter PAC) project in White Plains. The mat-

ter proceeded to a jury trial in the Supreme Court, where the principal issue concerned the allocation of $1,454,807 in payments ADCO had been paid for both projects. On appeal, the only dispute concerns payments ADCO alleges it was owed on the PAC project. As to that project, ADCO alleged that its $685,000 fixed-price subcontract for the PAC project was not enforceable since a prior notice of intent sent to it by HRH clearly stated that the parties would be governed by a formal contract, which none of the defendants ever executed. ADCO accordingly sought to recover, on a quantum meruit basis, the sum of $1,267,675.75 for unpaid work it had performed on the PAC project. In pertinent part, over the defendants' objection, the trial court instructed the jury that, as a matter of law, no enforceable contract existed between ADCO and GAFCO for the PAC project, and that the jury could calculate ADCO's damages as to that project, if any, on a quantum meruit basis. The jury thereafter returned a verdict finding that ADCO was entitled, in quantum meruit, to the principal sum of $393,469.75 for the PAC project. Thereafter, judgment was entered in favor of ADCO and against the defendants in that principal sum. We affirm.

"[I]f the parties to an agreement do not intend it to be binding upon them until it is reduced to writing and signed by both of them, they are not bound and may not be held liable until it has been written out and signed" (*Scheck v Francis*, 26 NY2d 466, 469-470 [1970]; *see Lost Cr. Assoc. v Marine Midland Bank*, 293 AD2d 719 [2002]). Moreover, when the parties' intent to be bound by a contractual obligation "is determinable by written agreements, the question is one of law" (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 291 [1973]; *see Berghold v Kirschenbaum*, 287 AD2d 673 [2001]). A question of fact arises as to the parties' intent to enter into an enforceable obligation "[o]nly where the intent must be determined by disputed evidence or inferences outside the written words of the instrument" (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d at 291; *see Ashland Mgt. v Janien*, 82 NY2d 395, 401 [1993]; *Atria Assoc. v County of Nassau*, 181 AD2d 847, 851 [1992]). Here, the notice of intent sent by HRH to ADCO clearly states, in pertinent part: "This will constitute *a notice of our intent to award you a contract* for the Electrical Work at the [PAC] for the total sum of: . . . $685,000.00. This agreement is in accordance with drawings . . . dated 6/10/03 as prepared by Enviro Design, Inc., . . . and *is subject to the execution of a formal contract by [GAFCO], to follow*" (emphasis added). The plain language of the notice of intent unambiguously demonstrates that the parties did not intend to be bound until execution of a formal contract (*see Scheck v Francis*, 26 NY2d at

469-470; *Wallkill Med. Dev., LLC v Sweet Constructors, LLC*, 56 AD3d 764, 765 [2008]; *Pelham Commons Joint Venture v Village of Pelham*, 308 AD2d 520, 521 [2003]; *Lost Cr. Assoc. v Marine Midland Bank*, 293 AD2d 719 [2002]; *Silverite Constr. Co. v Montefiore Med. Ctr.*, 239 AD2d 336 [1997]).

Moreover, there is no evidence that a binding obligation arose by virtue of the fact that the parties agreed to all contractual terms and only failed to execute the contract (*see Matter of Municipal Consultants & Publs. v Town of Ramapo*, 47 NY2d 144, 148-149 [1979]). Instead, although it signed the contract, ADCO proposed several material modifications, which constituted its rejection of the proposed contract, and a counteroffer (*see Winiarski v Duryea Assoc., LLC*, 14 AD3d 697 [2005]; *Credit Suisse First Boston Corp. v Cooke*, 284 AD2d 365 [2001]). Further, the evidence adduced at trial demonstrates that in subsequent negotiations, HRH rejected ADCO's proposed modifications to certain material terms, such as labor rates for premium, extra, or additional work performed by ADCO. Thus, the trial court correctly determined, as a matter of law, that no binding contract governed ADCO's work on the PAC project (*see Scheck v Francis*, 26 NY2d at 469-470; *Wallkill Med. Dev., LLC v Sweet Constructors, LLC*, 56 AD3d at 765; *Peter F. Gaito Architecture, LLC v Simone Dev. Corp.*, 46 AD3d 530 [2007]; *Lost Cr. Assoc. v Marine Midland Bank*, 293 AD2d 719 [2002]; *Donaldson Acoustics Co. v NAB Constr. Corp.*, 273 AD2d 192 [2000]; *Silverite Constr. Co. v Montefiore Med. Ctr.*, 239 AD2d 336 [1997]).

The defendants' remaining contention is without merit. Skelos, J.P., Fisher, Belen and Lott, JJ., concur.