223 Sam, LLC v 223 15th St., LLC (2018 NY Slip Op 03118)





223 Sam, LLC v 223 15th St., LLC


2018 NY Slip Op 03118


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-00989
 (Index No. 602838/16)

[*1]223 Sam, LLC, et al., respondents, 
v
223 15th Street, LLC, et al., appellants.


Gallet Dreyer & Berkey, LLP, New York, NY (Morrell I. Berkowitz and Julian S. Brod of counsel), for appellants.
Jules A. Epstein, P.C., Uniondale, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered January 9, 2017. The order, insofar as appealed from, denied that branch of their motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Aaron Wexler is the managing member of the plaintiff 223 Sam, LLC (hereinafter Sam LLC). The defendant 223 15th Street, LLC (hereinafter 15th Street LLC), owns property located at 223 15th Street in Brooklyn. The defendant MAG 2011 Trust is a member of 15th Street LLC, and the defendants Manuel Goldschmidt and Viviana Goldschmidt are trustees of MAG 2011 Trust.
In 2014, the parties engaged in negotiations to amend 15th Street LLC's operating agreement to add Sam LLC as a 50% member of 15th Street LLC and to have Sam LLC and Wexler manage 15th Street LLC. Their attorneys exchanged, via email, an unexecuted amendment to the operating agreement to this effect (hereinafter the agreement).
The plaintiffs commenced this action, inter alia, to recover damages for breach of contract, alleging that in furtherance of the agreement, they undertook the management responsibilities for the premises and expended approximately $40,000 in that connection. The plaintiffs asserted that the defendants interfered with the plaintiffs' management, denied Sam LLC's status as a 50% member of 15th Street LLC, and denied the plaintiffs' status as sole managers of the premises. The defendants moved, inter alia, for summary judgment dismissing the complaint, arguing that the agreement was not binding. The Supreme Court denied that branch of the defendants' motion which was for summary judgment. The defendants appeal.
"[I]f the parties to an agreement do not intend it to be binding upon them until it is reduced to writing and signed by both of them, they are not bound and may not be held liable until [*2]it has been written out and signed" (Scheck v Francis, 26 NY2d 466, 469-470; see Lost Creek Assoc. v Marine Midland Bank, 293 AD2d 719, 720). However, "if the parties intended to be bound by an oral agreement, a mere failure to reduce their promises to writing would be immaterial" (Schwartz v Greenberg, 304 NY 250, 254; see Gallagher v Long Is. Plastic Surgical Group, P.C., 113 AD3d 652). Further, "[w]here all the substantial terms of a contract have been agreed on, and there is nothing left for future settlement, the fact, alone, that it was the understanding that the contract should be formally drawn up and put in writing, did not leave the transaction incomplete and without binding force, in the absence of a positive agreement that it should not be binding until so reduced to writing and formally executed" (Matter of Municipal Consultants & Publs. v Town of Ramapo, 47 NY2d 144, 149).
"In determining whether the parties entered into a contractual agreement and what were its terms, it is necessary to look . . . to the objective manifestations of the intent of the parties as gathered by their expressed words and deeds" (Gallagher v Long Is. Plastic Surgical Group, P.C., 113 AD3d at 653 [citations and internal quotation marks omitted]). "[W]hen the parties' intent to be bound by a contractual obligation is determinable by written agreements, the question is one of law.' . . . A question of fact arises as to the parties' intent to enter into an enforceable obligation only where the intent must be determined by disputed evidence or inferences outside the written words of the instrument'" (ADCO Elec. Corp. v HRH Const., LLC, 63 AD3d 653, 654, quoting Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 291).
Contrary to the defendants' contention, the agreement does not, on its face, demonstrate that the parties did not intend to be bound absent formal execution (see Gallagher v Long Is. Plastic Surgical Group, P.C., 113 AD3d at 653; Kowalchuk v Stroup, 61 AD3d 118, 124). Moreover, in support of their motion, the defendants submitted emails exchanged between the parties and their respective attorneys. The defendants failed to eliminate triable issues of fact as to whether the parties had agreed upon the major terms of the agreement and whether the parties began to perform the agreement. Accordingly, they failed to establish, prima facie, that the parties did not intend to be bound by the terms of the agreement (see Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439; Flores v Lower E. Side Serv. Ctr. Inc., 4 NY3d 363; Kowalchuk v Stroup, 61 AD3d at 125; see also Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397; Gallagher v Long Is. Plastic Surgical Group, P.C., 113 AD3d at 653). Therefore, the defendants were not entitled to summary judgment, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint.
MASTRO, J.P., LEVENTHAL, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court