Gleitman v Zorbas (2018 NY Slip Op 05755)





Gleitman v Zorbas


2018 NY Slip Op 05755


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-08384
 (Index No. 70631/16)

[*1]Arnold Gleitman, et al., appellants, 
v
Bridget Zorbas, respondent.


Howard M. File, Esq., P.C., Staten Island, NY (Andrew Rafter of counsel), for appellants.
Richard Paul Stone, New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered August 14, 2017. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and, in effect, on her counterclaim, and denied that branch of the plaintiffs' cross motion which was for summary judgment on the complaint and dismissing the defendant's counterclaim.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The record supports the Supreme Court's determination to grant that branch of the defendant's motion which was for summary judgment dismissing the complaint and, in effect, on her counterclaim, and to deny that branch of the plaintiffs' cross motion which was for summary judgment on the complaint and dismissing the defendant's counterclaim. The documentary evidence submitted on the motion and the cross motion established that the plaintiffs made a unilateral modification to a material term of the proposed contract of sale. This modification constituted a counteroffer that the defendant expressly rejected (see ADCO Elec. Corp. v HRH Constr., LLC, 63 AD3d 653, 655; Woodward v Tan Holding Corp., 32 AD3d 467, 470; Winiarski v Duryea Assocs., LLC, 14 AD3d 697, 698; Harper v Rodriguez, 272 AD2d 372). Since the parties never came to a meeting of the minds as to an essential term of the proposed agreement, there was no binding contract, and the defendant demonstrated her prima facie entitlement to judgment as a matter of law on her counterclaim, which sought the return of her down payment (see Nwauwa v Mamos, 53 AD3d 646, 649; Woodward v Tan Holding Corp., 32 AD3d at 470; Winiarski v Duryea Assocs., LLC, 14 AD3d at 698; Harper v Rodriguez, 272 AD2d at 372). In opposition, the plaintiffs failed to raise a triable issue of fact.
RIVERA, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court