■ FRANK LAMANNA, Respondent, v WING YUEN REALTY, INC., Appellant. [724 NYS2d 54] —Order, Supreme Court, New York County (Louis York, J.), entered July 28, 2000, which,

*inter alia*, denied defendant's motion for summary judgment, unanimously reversed, on the law, without costs, defendant's motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

It is our view that plaintiff failed to exercise his option to purchase the subject building by placing a condition upon the option, i.e., that the building be vacant at the time of transfer. "It is a fundamental principle of contract law that a valid acceptance must comply with the terms of the offer * * * and, if qualified with conditions it is equivalent to a rejection and counteroffer" (*Roer v Cross County Med. Ctr. Corp.*, 83 AD2d 861; *see also, Ronan v Valley Stream Realty Co.*, 249 AD2d 288, 289; *Willis v Ronan*, 218 AD2d 794, 795). In *Kaplan v Lippman* (75 NY2d 320), the Court of Appeals held that the "optionee must exercise the option 'in accordance with its terms within the time and in the manner specified in the option' " (*id.* at 325, quoting 1 Williston, Contracts § 61B [3d ed 1957]). Plaintiff's counteroffer was never accepted and plaintiff's subsequent last-minute offer to withdraw the foregoing condition concerning vacancy, which offer also added new conditions regarding the removal of "clouds" on the title that could not have possibly been completed by defendant by the closing date, was, in fact, never accepted by defendant.

In any event, in order to avoid summary judgment on his claim for specific performance, plaintiff must demonstrate that he was ready, willing, and able to perform under the contract at some point prior to the commencement of the action (*Madison Invs. v Cohoes Assocs.*, 176 AD2d 1021, 1022, *lv dismissed* 79 NY2d 1040; *Zev v Merman*, 134 AD2d 555, 557, *affd* 73 NY2d 781). However, other than conclusory assertions concerning numerous benefactors, including a lotto winner, who were waiting to lend him money, plaintiff has failed to demonstrate that he possessed, at any time prior to the commencement of this action, the financial wherewithal to complete the purchase of the building in question. Concur—Nardelli, J. P., Rubin, Saxe and Friedman, JJ.