■ RESAT KELES, Appellant, v MORNINGSIDE HEIGHTS HOUSING CORP., Respondent. [779 NYS2d 68]—

Order and judgment (one paper), Supreme Court, New York

County (Shirley Werner Kornreich, J.), entered March 20, 2003, which, in this action for specific performance of an alleged agreement for the sale of a cooperative apartment, inter alia, granted defendant's cross motion insofar as it sought summary judgment dismissing the complaint but denied that branch of the cross motion requesting that sanctions be imposed on plaintiff for frivolous litigation, unanimously affirmed, without costs.

The parties' binder agreement was not an enforceable contract for the sale of the subject cooperative apartment. The agreement was, by its express terms, only an agreement to agree and did not include terms material to a contract of sale (*see Checkla v Stone Meadow Homes*, 280 AD2d 510 [2001]; *RAJ Acquisition Corp. v Atamanuk*, 272 AD2d 164 [2000]). We note, moreover, that even had there been an enforceable contract of sale, dismissal of plaintiff's claim for specific performance would nonetheless have been required in light of plaintiff's failure to make any showing that he was financially ready and able to purchase the apartment (*see Lamanna v Wing Yuen Realty*, 283 AD2d 165 [2001], *lv denied* 96 NY2d 719 [2001]; *Johnson v Phelan*, 281 AD2d 394 [2001]) and, indeed, the considerable evidence warranting a contrary conclusion.

The motion court properly exercised its discretion in denying defendant's request for sanctions. Concur—Nardelli, J.P., Mazzarelli, Andrias, Gonzalez and Sweeny, JJ.