■ Bond & Broadway, LLC, Respondent-Appellant, v Funding Exchange, Inc., Appellant-Respondent, and Froggy Associates, LLC, Respondent-Appellant. [18 NYS3d 32]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered December 22, 2014, which denied the parties' motions for summary judgment, unanimously modified, on the law, to grant defendant Funding Exchange, Inc.'s motion for summary judgment dismissing the complaint and all cross claims as against it, and to grant defendant Froggy Associates, LLC's motion insofar as it sought a declaration that Froggy validly exercised its right of first refusal to purchase Unit 5 of the 666 Broadway Condominium, and it is so declared, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Defendant Froggy gave notice that it elected to purchase the subject unit in full compliance with the condominium's by-laws governing the manner in which the right of first refusal was to be exercised (see Kaplan v Lippman, 75 NY2d 320 [1990]). It was not required simultaneously to make a 10% down payment, a term of the contract of sale between defendant Funding Exchange and plaintiff. Froggy would be bound by the requirement to make a 10% down payment only after entering into a contract of sale with Funding Exchange on the same terms and conditions (pursuant to the by-laws) as the contract between Funding Exchange and plaintiff, and plaintiff would have no standing to sue for breach of that contract.

Nor did Froggy's post-notice request for the lease between Funding Exchange and its tenant render its notice an impermissible counter-offer (compare Lamanna v Wing Yuen Realty, 283 AD2d 165 [1st Dept 2001] [plaintiff failed to exercise option to purchase building by placing on the option a condition not in compliance with the terms of the contract of sale], lv denied 96 NY2d 719 [2001]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Acosta, Renwick and Moskowitz, JJ.