■ EAST HARLEM ABYSSINIAN TRIANGLE CORPORATION, Appellant, v NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION, Respondent. [27 NYS3d 524]—

Order and judgment (one paper), Supreme Court, New York County (Charles E. Ramos, J.), entered October 9, 2014, dismissing the complaint with prejudice and declaring that defendant is not obligated to transfer its 49% interest in the East Harlem Abyssinian Triangle Limited Partnership (EHAT LP) to plaintiff, unanimously affirmed, without costs.

EHAT LP's governing limited partnership agreement was entered into between the parties in 1995 for the purpose of acquiring certain city-owned real property on which to develop a supermarket. The EHAT LP purchased the property from defendant, paying an amount in cash and giving a purchase-money mortgage secured by a note for the remainder; it entered into arrangements with other lenders, including a mortgage from Citibank, to obtain funds needed for the development project.

The partnership agreement grants plaintiff an option to purchase defendant's partnership interest for $1, but only in the event that defendant has transferred its interest to a community-based organization and that that organization has become a "Prohibited Person" under the terms of the agreement or has ceased to exist. As defendant has never transferred its partnership interest to a community-based organization, the option granted by the partnership agreement was never triggered.

In November 2005, plaintiff wrote to defendant concerning its interest in acquiring defendant's partnership, and the need to resolve the issue of the "option" so that it could refinance the Citibank loan. In February 2006, defendant's Executive Committee adopted a resolution authorizing its president to enter agreements, including a transfer of defendant's interest to plaintiff for $1, in connection with the proposed refinancing, in consideration for, inter alia, prepayment by EHAT LP of part of the amount owed on the purchase money mortgage note. Because the February 2006 resolution authorized the transfer of defendant's interest only as part of a larger refinancing proposal, the resolution did not "comply with the terms of [any] offer" by plaintiff and was "equivalent to a rejection and counteroffer" (*Lamanna v Wing Yuen Realty*, 283 AD2d 165, 166 [1st Dept 2001] [internal quotation marks omitted], *lv denied* 96 NY2d 719 [2001]).

It is undisputed that the agreements listed in the 2005 resolution were never negotiated and the proposed 2006 refinancing never implemented. Thus, plaintiff never accepted defendant's offer to transfer its interest as part of a refinancing, in compliance with the terms of the offer (*see Silber v New York Life Ins. Co.*, 92 AD3d 436, 440 [1st Dept 2012]). Moreover, even if the February 2006 resolution was binding on defendant without any manifestation of acceptance by plaintiff, the transfer of defendant's interest was only contemplated as part of the proposed refinancing, with interdependent consideration therefor, and thus was not severable from the proposed refinancing or separately enforceable (*see First Sav. & Loan Assn. of Jersey City, N. J. v American Home Assur. Co.*, 29 NY2d 297 [1971]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, Richter and Gische, JJ.