Savignano v Play (2022 NY Slip Op 06307)

Savignano v Play

2022 NY Slip Op 06307

Decided on November 10, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2022

534785
[*1]Peter Savignano, Respondent- Appellant,
v
Robert Play, Appellant- Respondent.

Calendar Date:September 9, 2022

Before:Garry, P.J., Egan Jr., Lynch, Clark and Ceresia, JJ.

Bosman Law, LLC, Blossvale (Robert Strum of counsel), for appellant-respondent.
Cuddy & Feder LLP, White Plains (Troy D. Lipp of counsel), for respondent-appellant.

Ceresia, J.
Cross appeals from an order of the Supreme Court (Lisa M. Fisher, J.), entered July 8, 2021 in Greene County, which, among other things, partially granted plaintiff's cross motion for summary judgment.
On May 11, 2020, plaintiff transmitted a signed form contract to defendant and his brother, Edward Play (hereinafter collectively referred to as the sellers), proposing to purchase real property owned by them for the asking price of $320,000. The property consists of approximately 53 acres of land with a cabin and two barns. The form contract included, as pertinent here, two contingencies. First, an attorney approval contingency required the parties to obtain approval by their respective attorneys as to all matters in the agreement. However, this contingency was deemed waived unless either attorney notified the other of his or her disapproval of the agreement, in writing, by May 20, 2020. Second, an inspection contingency contemplated the performance of several inspections. This contingency, too, was deemed waived unless plaintiff notified the sellers of the failure of any of the inspections. If plaintiff did so notify the sellers, and provided a copy of the relevant inspection report, then the agreement would be deemed cancelled and plaintiff's deposit returned, unless plaintiff elected to defer such cancellation for 10 days to permit the parties an opportunity to come to a written agreement on the inspection issue.
On May 12, 2020, plaintiff's attorney faxed to the sellers' attorney a proposed rider containing several additional terms. The sellers signed the original contract on May 13, 2020, and returned it to plaintiff, but did not sign the proposed rider. On May 18, 2020, plaintiff's attorney wrote to the sellers' attorney, confirming receipt of the signed contract and inquiring about the rider as well as several other documents to assist plaintiff with his title search. On June 17, 2020, plaintiff's attorney again wrote to the sellers' attorney, indicating that an inspection had revealed an inadequate well water flow rate and numerous electrical problems. Plaintiff's attorney advised that the problem with the well was "totally unsatisfactory" and "not acceptable" to plaintiff, that the well would need to be redrilled, and that if there was no adjustment in the purchase price to account for the redrilling, then plaintiff would "abandon" the contract. An inspection report was also provided to the sellers, confirming these issues.
On June 25, 2020, the sellers' attorney wrote to plaintiff's attorney, stating that the repairs would not be performed by the sellers because the property was being sold in "as is" condition, and inquiring as to whether plaintiff wished to proceed with the transaction. On July 12, 2020, plaintiff's real estate agent emailed the sellers' attorney indicating that plaintiff was willing to accept the property "as is." Shortly thereafter, the sellers began to express opposing positions as to whether they intended to proceed [*2]with the sale, with defendant telling their realtor and attorney that he did not wish to proceed, and Play advising plaintiff's attorney that he did wish to pursue the sale.
On August 3, 2020, plaintiff's attorney sent the sellers' attorney a letter declaring that time was of the essence and scheduling a closing date of September 4, 2020. A new attorney representing defendant responded on August 12, 2020, rejecting the time-of-the-essence demand, asserting that there existed no valid contract, and indicating that there would be no closing. On August 21, 2020, a new attorney representing plaintiff wrote to defendant's attorney, rejecting the August 12, 2020 letter and indicating that plaintiff intended to pursue the purchase or seek legal recourse. After the closing did not occur on the scheduled date, plaintiff filed a notice of pendency and commenced the instant action for breach of contract, seeking specific performance. By this point, Play had sold his interest in the property to defendant and, as such, plaintiff discontinued the action as against Play.
Defendant then moved to dismiss the complaint, and plaintiff cross-moved for summary judgment. Plaintiff also sought to have defendant's dismissal motion converted to a motion for summary judgment. Supreme Court granted the conversion request and permitted the parties to file additional submissions. By decision and order entered July 8, 2021, the court denied defendant's motion, granted plaintiff's cross motion as to liability and set the matter down for a trial on damages. Specifically, the court found that a valid contract existed between the parties which had not been canceled via any contingency. The court further determined that defendant's failure to proceed with the transaction constituted a breach of contract, entitling plaintiff to damages for which a trial would be appropriate. Defendant appeals from the denial of his motion, and plaintiff cross-appeals from the court's determination to hold a trial relative to damages.
Initially, we agree with Supreme Court that the parties entered into an enforceable contract. "It is a fundamental principle of contract law that a valid acceptance must comply with the terms of the offer" (Woodward v Tan Holding Corp., 32 AD3d 467, 469 [2d Dept 2006] [internal quotation marks and citations omitted]), and a purported acceptance that does not comply with the offer's terms is "equivalent to a rejection and counteroffer" (Lamanna v Wing Yuen Realty, 283 AD2d 165, 166 [1st Dept 2001] [internal quotation marks and citation omitted], lv denied 96 NY2d 719 [2001]; accord East Harlem Abyssinian Triangle Corp. v New York City Economic Dev. Corp., 137 AD3d 536, 537 [1st Dept 2016]). Here, plaintiff's transmission of the form contract and rider constituted an offer, and the sellers counteroffered by signing and returning to plaintiff only the form contract without the rider. Plaintiff then accepted the counteroffer by proceeding with the inspections, as "a counteroffer [*3]may be accepted by conduct" (Daimon v Fridman, 5 AD3d 426, 427 [2d Dept 2004]; accord Gator Hillside Vil., LLC v Schuckman Realty, Inc., 158 AD3d 742, 744 [2d Dept 2018]). We also agree with the court that plaintiff's counsel's May 18, 2020 letter did not constitute attorney disapproval of the contract under the attorney approval contingency. This letter merely acknowledged receipt of the signed contract and inquired as to the rider and other documents; in no way did it signal disapproval.
However, our view diverges with Supreme Court as to whether the contract was ultimately canceled. Plaintiff's attorney, in his letter of June 17, 2020, notified the sellers' attorney that the property had failed multiple inspections, and provided a copy of the relevant inspection report. This conduct, in accordance with the language set forth in the inspection contingency, rendered the contract "cancelled, null and void" unless plaintiff chose to defer cancellation for 10 days. Given that the letter from plaintiff's attorney also set forth potential ways in which the inspection issues could be resolved, we are satisfied that the 10-day option was exercised. That said, the parties did not reach a written agreement on these issues within 10 days as was expressly required pursuant to the inspection contingency (see Wilderhomes LLC v Zautner, 34 AD3d 1062, 1064 [3d Dept 2006]; compare Prendergast v Swiencicky, 183 AD3d 945, 946-947 [3d Dept 2020], lv denied 36 NY3d 944 [2020]). In that regard, although the sellers' attorney advised via email on June 25, 2020 that the property was being sold "as is," it was not until July 12, 2020 that plaintiff's realtor responded via email, agreeing to that condition. Plaintiff produced no evidence of any extension or waiver of the contractual 10-day time period. Therefore, under these circumstances, the contract was canceled by operation of the inspection contingency.
In light of our ruling herein, plaintiff's cross appeal has been rendered academic.
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the order is reversed, on the law, with costs to defendant, plaintiff's motion for summary judgment denied, defendant's cross motion for summary judgment granted and complaint dismissed.